UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHRYN NOLAN GRABER,

               Plaintiff,

           -v-                  5:24-CV-468

CAYUGA HOME FOR CHILDREN
d/b/a CAYUGA CENTERS and EDWARD
HAYES,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:               OF COUNSEL:

HARDING MAZZOTTI, LLP      KELLY A. MAGNUSON, ESQ.
Attorneys for Plaintiff
P.O. Box 15141
1 Wall Street
Albany, NY 12212

BOND, SCHOENECK & KING, PLLC  JEREMY M. SHER, ESQ.
Attorneys for Defendants
350 Linden Oaks, Third Floor
Rochester, NY 14625

DAVID N. HURD
United States District Judge

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 3, 2024, plaintiff Kathryn Nolan Graber ("Nolan Graber" or

"plaintiff") filed a civil lawsuit against defendants Cayuga Home for

Children, doing business as the Cayuga Centers ("Cayuga") and its Chief

Executive Officer ("CEO") Edward Hayes ("Hayes") (collectively, "defendants") for for retaliation and constructive termination under both Title VII and the New York State Human Rights Law (the "NYSHRL"). Dkt. Nos. 1, 11.[1] Thereafter, defendants moved pursuant to Rule 12(b)(6) to dismiss plaintiff's amended complaint. Dkt. No. 14. That motion was denied, and defendants were directed to file their answer to the amended complaint. Dkt. No. 19.

On December 6, 2024, defendants answered Nolan Graber's amended complaint. Dkt. No. 21. Defendants also moved for reconsideration with respect to plaintiff's constructive discharge claim. Dkt. No. 20. The motion has been fully briefed, Dkt. Nos. 20, 26–27, 33,[2] and will be considered on the basis of the submissions without oral argument.

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date a judgment, order, or decree is entered. N.D.N.Y. L.R. 60.1. The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling. *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222

---

[1] On July 5, 2024, plaintiff amended her complaint as of right. Dkt. No. 11.

[2] Plaintiff's opposition to defendants' motion for reconsideration was filed twice on the docket. Dkt. Nos. 26–27.

(S.D.N.Y. 2022) (quoting *Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'").

In this circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *DG N.Y. CS, LLC v. Norbut Solar Farm, LLC*, 2024 WL 476540, at \*1 (N.D.N.Y. Feb. 7, 2024) (quoting *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, J.)).

Measured against this standard, defendants' motion for reconsideration will be denied. Defendants have not presented new law or facts that would require this Court to revisit its November 22, 2024 decision (the "November Order). Nor have defendants articulated a clear error or law or manifest injustice. Instead, defendants merely attempt to relitigate the issues decided

in the November Order.[3]  *See* Dkt. No. 20-1.  Accordingly, defendants' motion

for reconsideration will be denied.

Therefore, it is

ORDERED that

1.  Defendant's motion to for reconsideration (Dkt. No. 20) is DENIED.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  January 29, 2025
        Utica, New York.

---

[3]  As stated in the November Order, "[a] constructive discharge occurs when the employer, rather than acting directly, 'deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation.'" *Knight v. MTA – N.Y.C. Transit*, 2024 WL 4350417, at *24 (E.D.N.Y. Sept. 30, 2024) (quoting *Pena v. Brattleboro Retreat*, 702 F.2d 322, 325 (2d Cir. 1983)).  Defendants do not argue that the Court failed to apply the correct legal standard.  Instead, defendants urge the Court to reconsider the sufficiency of plaintiff's allegations in light of that legal standard.  Defendants argue that the Court should find plaintiff's allegations insufficient when compared to the allegations considered by the Second Circuit in *Shultz v. Congregation Shearith Israel of N.Y.C.*, 867 F.3d 298, 308 (2d Cir. 2017).  Dkt. No. 20-1.